JOSEPH C. DOLAN, ESQ. (007376)
1650 North 1st Avenue
Phoenix, Arizona 85003
(602) 266-7667

Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| RICHARD GOLDSMITH and PHYLLIS GOLDSMITH, Husband and Wife,<br><br>Plaintiffs,<br><br>vs<br><br>AMERICAN FAMILY INSURANCE COMPANY, a Wisconsin Corporation; JOHN DOES I-X; ABC CORPORATIONS I-X,<br><br>Defendants. | No. C20087143<br><br>**COMPLAINT**<br>(Bad Faith; Consumer Fraud)<br><br>LESLIE B. MILLER |
|---|---|

Plaintiffs Richard and Phyllis Goldsmith, for their complaint against defendants herein, hereby allege as follows:

I

American Family Insurance Company (hereafter "AmFam") is a foreign corporation engaged in the business of insurance under the laws of the state of Arizona. Belfor USA (hereafter, Belfor) is a Mississippi corporation authorized to do business as a restoration contractor in the State of Arizona.

II

AmFam has caused an event to occur in Pima County, Arizona, out of which the present claim arises.

III

Defendants John Does I-X and ABC Corporations I-X are named fictitiously herein. Presently, plaintiffs are unaware of their identities and generally allege that they are individuals or



1  entities who are responsible for the damages alleged herein. When investigation and discovery
2  reveals their true identities, this complaint will be amended if appropriate.

IV

4  Prior to July 10, 2007, plaintiffs had purchased from AmFam a homeowner's policy of
5  insurance.

V

7  The homeowner's policy in question was policy no. 02-DE-3282-01(hereafter "the policy")
8  and was designed to provide protection and indemnification for plaintiff in the event of certain types
9  of losses arising from damage to their residence located at 123 E. Verde Vista, Green Valley, Arizona
10 85614 (hereafter "the insured residence").

VI

12 In exchange for viable consideration, AmFam was obligated under the implied covenant of
13 good faith and fair dealing arising from the policy to conduct a timely, reasonable, thorough and fair
14 investigation of the plaintiff's claims in the event of damages that were covered under the policy.

VII

16 On July 10, 2008 a loss occurred or was discovered at the insured residence consisting of and
17 caused by damage from water and the collapse of the concrete slab and resulting damage to the walls
18 at the insured residence.

VIII

20 AmFam sent an agent/employee to investigate the loss and adjust the claim for damage to the
21 structures. AmFam, acting through its agent, almost immediately denied the claim for damage to the
22 structure without considering portions of the policy which provide coverage for the loss.

IX

24 AmFam denied coverage and refused to pay the damages that occurred as the result of the
25 water related and collapse related loss that occurred on the date in question. Before issuing a formal
26 denial AmFam recommended to plaintiffs that they retain Belfor to perform the restoration work on
27 the property. Plaintiffs retained Belfor as a result and paid approximately $90,000.00 to Belfor for

their work on the property. During preliminary discussions Belfor advised and promised plaintiffs that any reports or work product of any kind which Belfor created would be provided to plaintiffs upon request.

X

In early August, 2008, plaintiffs learned that Belfor was refusing to provide to the plaintiffs' representative copies of file materials generated as a result of their work at the plaintiffs residence for which they were paid handsomely by the plaintiffs. During communications relative to plaintiffs demand for file materials Belfor advised that they were trying to develop or maintain a working relationship with AmFam and for that reason would not be providing said materials.

**CLAIM FOR BAD FAITH**

XI

The damage to the plaintiff's property consisting of and caused by water damage and collapse was covered under the terms of the policy.

XII

AmFam acted with unreasonable haste and made an incorrect coverage decision without conducting an investigation that would be adequate to reasonably allow it to make an accurate coverage determination.

XIII

As a result of AmFam's bad faith conduct in unreasonably failing to properly investigate, plaintiffs have been denied the benefits that should have been afforded under the policy.

XIV

As a result of AmFam's bad faith conduct, plaintiffs have been required to expend retirement assets to fund the repair of the insured structure. This has been very distressing to the insureds who are a retired couple living on a fixed income and savings.

Wherefore, for their claim against AmFam plaintiffs request that they recover judgment that includes the amount of monies that should have been paid under the policy for the covered loss to their insured residence; further, plaintiffs request that the judgment include damages for mental

distress, loss of use of the residence, additional living expenses, prejudgment interest, and their attorneys fees and costs both as damages and pursuant to A.R.S. §12-341.01.

WHEREFORE, for his complaint against defendant, plaintiffs request that they have and recover the benefits of the contract (policy) which have not been paid, compensatory damages for mental duress, anxiety and loss of use. Plaintiffs also request that they have and recover punitive damages and prejudgment interest pursuant to A.R.S. §20-462 and pursuant to common law regarding liquidated damages. Further, plaintiffs request their costs of suit herein and attorneys fees pursuant to A.R.S. §12-341.01.

DATED this 14th day of October, 2008.

By _____
JOSEPH C. DOLAN, ESQ.
1650 North 1st Avenue
Phoenix, Arizona 85003
Attorney for Plaintiffs